## IN THE WESTERN DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| TAMARA D. ANDREWS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 05-0870-CV-W-FJG |
| R. JAMES NICHOLSON, SECRETARY OF THE DEPARTMENT OF VETERANS AFFAIRS, | ) |
| Defendant. | ) |

## ORDER

Pending before the Court are plaintiff's motion to proceed in forma pauperis (Doc. No. 1) and motion for appointment of counsel (Doc. No. 3).

**I.      Plaintiff's Motion to Proceed In Forma Pauperis**

Pending before the Court is Plaintiff's Motion to Proceed in forma pauperis pursuant to 28 U.S.C. § 1915. According to 28 U.S.C. § 1915, this Court may authorize commencement of a suit without prepayment of fees by a person who, in good faith, files an affidavit stating that he is unable to pay the costs of the lawsuit. Neitzke v. Williams, 490 U.S. 319 (1989). The district court follows a two-step process in considering whether the applicant should be permitted to proceed in forma pauperis. First, the Court must determine whether the applicant qualifies by economic status. Second, the Court must determine whether under § 1915(e) the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The district court must exercise its sound discretion in determining whether an applicant is sufficiently impoverished to qualify under § 1915(e)(1).  See generally Cross v. General Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983), cert. denied, 476 U.S. 1170 (1986); In re Smith, 600 F.2d 714, 716 (8th Cir. 1979).  Such showing of poverty is sufficient if the applicant would become completely destitute or be forced to give up the basic necessities of life if required to pay the costs of the lawsuit.  Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948).

Plaintiff submitted an affidavit of financial status stating that she is without the means to pay the fees and costs associated with his lawsuit.  Plaintiff is 34, unmarried, and employed as a certified respiratory therapist.  She has two dependants, her 10-year-old son and her 56-year-old mother.  Plaintiff's net income is $1,934.00 per month, and her gross income is $3,132.00 per month.  Plaintiff owns a 2000 Honda CRV, with a present value of $8,000.00, and monthly payments of $468.67.  Plaintiff states she has $200.00 cash on hand.  Plaintiff indicates she received approximately $4,400.00 in income tax refunds in March 2005.  Plaintiff states that her monthly obligations, in addition to her car payment, include $695.00 for rent, $200.00 for groceries, $45.00 for gas bills, $90.00 for electric bills, $35.00 for water, $10.00 for waste water, $120.00 for cell phone bills, and $40.00 for school lunches.  From the information provided, it appears that plaintiff does not meet the economic requirements; plaintiff would not become completely destitute or forced to give up the basic necessities of life if required to pay the costs of the lawsuit.  Therefore, plaintiff's motion to proceed in forma pauperis (Doc. No. 1) is **DENIED.** If plaintiff wishes to file her Complaint, she shall pay the filing fee on or before **October 28, 2005.**

## II. Appointment of Counsel

Section 706(f) of Title VII, 42 U.S.C. § 2000e-5(f) (1976), provides that the district court may appoint counsel "in such circumstances as the court may deem just." Hale v. North Little Rock Housing Authority, 720 F.2d 996, 997 (8th Cir. 1983). A Title VII plaintiff, however, has "no automatic right to the appointment of counsel." Slaughter v. City of Maplewood, 731 F.2d 587, 590 (8th Cir. 1984) (citing Caston v. Sears, Roebuck & Co., 556 F.2d 1305, 1308 (5th Cir. 1977)); see also Tatum v. Community Bank, 866 F. Supp. 988, 994 (E.D. Tex. 1994). Rather, this decision is left to the sound discretion of the trial court.

> When determining whether to appoint counsel for an indigent civil litigant, the district court considers relevant factors such as the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir.1986).

Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998).

First of all, the Court notes that, based upon plaintiff's financial affidavit (Doc. No. 2), plaintiff does not appear to be indigent. Furthermore, after reviewing the plaintiff's Complaint, the Court does not find that the facts presented are overly complex. Additionally, plaintiff has not demonstrated that she is unable to either investigate the facts or to present her case without the aid of counsel. At this early stage in the litigation, the Court is unable to determine whether this case will present conflicting testimony. For these reasons, plaintiff's Motion for Appointment of Counsel (Doc. No. 3) is hereby **DENIED**.

Accordingly, it is hereby **ORDERED** that

(1) plaintiff's application to proceed in forma pauperis (Doc. No. 1) is **DENIED**;

(2) plaintiff's Motion for Appointment of Counsel (Doc. No. 3) is **DENIED**; and

3

(3) if plaintiff wishes to file her Complaint, she shall pay the filing fee on or before

**October 28, 2005.**


                                              **/S/ FERNANDO J. GAITAN, JR.**
                                              Fernando J. Gaitan, Jr.
Dated: September 28, 2005           United States District Judge
Kansas City, Missouri